IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES LAMBERT**                                                                                    **PLAINTIFF**

V.                                                                                    NO. 4:24-CV-14-DMB-DAS

**MDOC MEDICAL RECORDS DEPT.;**
**NURSE CHANDLER; NURSE**
**POYNER; and DR. MCCLEAVE**                                                        **DEFENDANTS**

## ORDER DISMISSING CASE

On February 8, 2024, James Lambert filed a pro se prisoner complaint alleging Eighth Amendment violations regarding his medical care. Doc. #1. On April 4, 2024, Lambert filed a pro se amended prisoner complaint against "MDOC Medical Records Dept.," "Nurse Chandler," "Nurse Poyner," and "Dr. McCleave" alleging Eighth Amendment and Fourteenth Amendment violations regarding his medical care. Doc. #11. Approximately two months later, Lambert filed a motion "for help getting the proper medical care for his conditions." Doc. #12 at 2.

In a February 6, 2025, order directing the Clerk of the Court to issue the defendants notices of Lambert's lawsuit and requests to waive service of summons, United States Magistrate Judge David A. Sanders warned Lambert that "[f]ailure to keep the Court informed of a change of address or failure to comply with any Order of this Court will be deemed purposeful delay and [a] contumacious act by [him] and may result in the dismissal of this case."[1] Doc. #16 at PageID 51. Judge Sanders similarly warned Lambert by order issued February 10, 2025, that "failure to keep the court informed of his current address … may lead to dismissal of his lawsuit under Fed. R.

---

[1] The same day, Judge Sanders ordered Lambert to show cause within twenty-one days "why defendant MDOC Medical Records Dept. – and [his] allegations regarding treatment of his armpit cyst with antibiotics – should not be dismissed with prejudice from this case for failure to state a claim upon which relief could be granted." Doc. #15 at PageID 49.

Civ. P. 41(b), for failure to prosecute and failure to comply with an order of the court." Doc. #19 at PageID 66. Subsequently, in response to correspondence the Court sent to Lambert by mail on February 3, 6, 10, and 11, 2025, such mail was returned to the Court due to "insufficient address," "unable to forward." Docs. #23, #24, #25, #26, #27, #28.

Federal Rule of Civil Procedure 41(b) authorizes the dismissal of a plaintiff's lawsuit "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." "Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016).

Because Lambert violated Judge Sanders' orders by failing to keep the Court informed of his current address and/or any changes to his address, as indicated by the returned mail received by the Court, this case is **DISMISSED without prejudice** and Lambert's pending motion for proper medical care [12] is **DENIED as moot**.

**SO ORDERED**, this 3rd day of March, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**